IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDON BLAKE COLEMAN, § | |
| TDCJ No. 1874048, § | |
| Petitioner, § | |
| v. § | CIV. ACTION NO. 4:16-CV-314-Y |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent.[1] § | |

### RESPONDENT'S MOTION TO DISMISS
### PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT

Petitioner Brandon Blake Coleman challenges his convictions for indecency with a child and sexual assault through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 (West 2016). The petition should be denied because it is time-barred by the AEDPA[2] limitations period.

### JURISDICTION

Coleman seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties.

---

[1]  Respondent will be referred to hereinafter as "the Director."
[2] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1

## PETITIONER'S ALLEGATIONS

The Director understands Coleman to allege that:

1. His plea was involuntary because his attorney and the prosecutor conspired to conceal DNA test results from him;

2. He was denied effective assistance of counsel his attorney did not discuss DNA results with him or sufficiently investigate his case prior to pleading guilty; and

3. The prosecution erred by failing to disclose DNA evidence.

Docket Entry No. 1 at 6–7; Docket Entry No. 2 at 1–14.

## GENERAL DENIAL

The Director denies all of Petitioner's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Petitioner—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Coleman pursuant to judgments and sentences of the 355th District Court of Hood County, Texas, in case number CR12297, each styled *The State of Texas v. Brandon Blake Coleman.* SHCR-01[3] at

---

[3] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceedings followed by the applicable application number (e.g. -01). *See generally, Ex parte Coleman*, Application No. 84,380.

45–54 (judgments and sentences for two counts of indecency with a child and one count of sexual assault). In this case, Coleman agreed to plead guilty in exchange for three concurrent 20-year sentences of confinement for these counts, the dismissal of two additional counts, and the abandonment of three enhancement allegations on July 29, 2013. *Id.* at 35, 45–54.

Coleman did not file a direct appeal. Docket Entry No. 1 at 3.[4] He did, however, file a state application for writ of habeas corpus on November 23, 2015, which was denied without written order on January 13, 2016. SHCR-01 at 22, "action taken" cover sheet. He also filed a second state habeas application on February 16, 2016, which was dismissed as subsequent on April 6, 2016. SHCR-02 at 22, "action taken" cover sheet. He filed the instant action on April 21, 2016. Docket Entry No. 1 at 10.

## RECORDS

Copies of Petitioner's state records will be sent to the Court shortly following to this answer. A copy of the records will not be forwarded to Petitioner. *See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010). Additionally, the Director objects to any existing or future motions for copies of records at the government's expense.

---

[4] In addition to his own admission that he did not appeal his conviction, the Director did not independently locate any record of the Petitioner appealing his conviction.

MOTION TO DISMISS

I. **Coleman's Petition Is Barred by the Limitations Period.**

Respondent asserts that Coleman's petition should be dismissed because it has been filed outside the AEDPA's one-year statute of limitations. AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court. 28 U.S.C.§ 2244(d)(1) (West 2016). Section (d)(1) provides four possible dates which start the running of the one-year limitations period, and the limitations period runs from the latest of the four dates. 28 U.S.C. § 2244(d)(1)(A)−(D). In pertinent part, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Coleman challenges his conviction, the statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*[5] Since Coleman did not file a direct appeal, his judgment became final on August 28, 2013, thirty days after his sentence (i.e. when his time for seeking appellate review expired). *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. Proc. 26.1 (West 2016) (allowing 30 days to file a notice of appeal). As such, Coleman's limitations period expired one year later, on August 28, 2014.

The Director recognizes that the AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for state court collateral review: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

---

[5] To the extent Coleman might suggest a factual predicate based on when he discovered DNA reports, the Director emphasizes that a factual predicate date is based on when the claims "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The DNA reports presented by Coleman (see Docket Entry No. 7) were completed on March 5, 2013, at the latest. Coleman was sampled for DNA long before then. Docket Entry No. 2 at 4. No diligent individual would have waited past Coleman's final conviction date (i.e. August 28, 2013) to discover these DNA reports. Therefore, his final conviction date is the proper date for calculating Coleman's limitations period.

is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). But here, Coleman filed his state habeas applications, at the earliest, on November 23, 2015[6] and February 16, 2016. SHCR-01 at 22; SHCR-02 at 22. Since his state habeas applications were filed *after* his federal limitations period had already expired, they do not toll Coleman's limitations period. *Flores v. Quarterman,* 467 F.3d 484, 486 n.2 (5th Cir. 2006).

Since Coleman filed the present petition on April 21, 2016, his petition is untimely by 602 days and consequently time-barred.

## II.  Coleman Does Not Satisfy the Actual Innocence Exception.

Coleman, apparently recognizing his petition as untimely, writes "newly discovered evidence" in the portion of his petition addressing the "timeliness of Petition." Docket Entry No. 1 at 9. Between this and his repeated assertions of "actual innocence" in his supporting memorandum, the Director liberally-construes Coleman to invoke the actual innocence exception to AEDPA's statute of limitations. But Coleman does not make a sufficient showing of "actual innocence" to satisfy this exception.

In *McQuiggin v. Perkins*, the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in §

---

[6] The mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Coleman signed his application on November 23, 2015, therefore he could not have mailed his state habeas application any earlier than that date.

2244(d)(1) upon a showing of "actual innocence" under the standard described in *Schlup v. Delo. McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995). Under *Schlup*, a habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. 513 U.S. at 326–27; *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

In the instant case, Coleman fails to present new, reliable evidence which would sway a reasonable juror to change their verdict from guilty. Coleman's assertion of actual innocence hinges on eight pages of DNA reports comparing Coleman's DNA to DNA swabs taken from two of the three victims.[7] The only part of the report that appears to be arguably exculpatory is the conclusion that states "Brandon Coleman is excluded as a possible source of both the major and minor

---

[7] Based on their initials, it appears the reports pertain to the victims referred to as "SW16" and "MW19" in the indictment. *Compare* SHCR-01 at 28−30 *with* Docket Entry No. 7. The reports provided by Coleman notably do not include a third victim – presumably the victim referred to as "CB16" in the indictment. *Id.*

7

components [of the DNA profiles obtained from the right breast swab of MW]." Docket Entry No. 7 at 6. The remaining conclusions in the documents provided by Coleman are inconclusive. Docket Entry no. 7, generally.

The lone fact that Coleman was excluded as the contributor to one DNA sample falls far short of showing actual innocence for several reasons. First, this is not "new" evidence – this evidence existed before Coleman deliberately bargained for the dismissal of two charges and, more importantly, the enhancements for Coleman's previous convictions for indecency with a child and failure to register as a sex offender.[8] SHCR-01 at 30. Second, each of Coleman's three convictions involves a different victim, so a DNA sample from one victim has no bearing on two of his convictions. Third, the crime against the victim identified as "MW19" involved the penetration of the victim's sexual organ, and did not concern her right breast. SHCR-01 at 29. Fourth, the record does not show how much time elapsed between the commission of the crime and the collection of the sample. Without showing close temporal proximity between the test and the crime, DNA evidence is irrelevant for exculpatory purposes.[9] Fifth and finally, Coleman admitted committing the crime

---

[8] Coleman asserts that his attorney, for some unspecified reason, "concealed" the DNA report from him and "conspired" with the prosecutor to get him to plead guilty. Docket Entry No. 2 at 6–7. This portion of his claims is conclusory because this allegation consists of nothing more than a bald assertion. *See Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

[9] On the contrary, the record suggests, without confirming, that some time passed between the collection of a DNA sample and the commission of the crime. The report states that the

8

when he pled guilty and his guilty plea alone is enough to support his conviction. *See Davis v. Stephens*, No. 4:14-CV-964-O, 2016 WL 2735670, at *3 (N.D. May 11, 2016) ("Even if *McQuiggin* applies in the context of a guilty plea, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction.") (citing *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986)).

Since these facts establish that Coleman falls far short of the actual innocence exception, his petition is subject to dismissal as time-barred.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests the Court dismiss Coleman's petition with prejudice and deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General for Criminal Justice
EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Nathan Tadema

---

sample was delivered by a forensic biologist on August 3, 2012, and the date of the offense was July 15, 2012. Docket Entry No. 7. Granted, however, that these facts do not eliminate the possibility that there could have been two or more weeks of delay between the collection of the sample and the delivery of the sample to the lab.

|  |  |
|---|---|
| *Lead Counsel | NATHAN TADEMA*<br>Assistant Attorney General<br>State Bar No. 24044285<br><br>P. O. Box 12548, Capitol Station<br>Austin, Texas  78711<br>(512) 936-1400<br>(512) 936-1280 (Facsimile)<br><br>ATTORNEYS FOR RESPONDENT |

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing pleading has been served by placing it in the United States mail, postage prepaid, on this the 4th day of August, 2016, addressed to:

Brandon Blake Coleman
TDCJ No. 1874048
Pack Unit
2400 Wallace Rd
Navasota, TX 77868

s/ Nathan Tadema<br>
NATHAN TADEMA<br>
Assistant Attorney General