```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

BRANDON BLAKE COLEMAN,              §
                                    §
          Petitioner,               §
                                    §
v.                                  §   Civil Action No. 4:16-CV-314-Y
                                    §
LORIE DAVIS, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
          Respondent.               §
```

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Brandon Blake Coleman, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL HISTORY

In October 2012 Petitioner was charged in the 355th Judicial District Court, Hood County, Texas, Case No. CR12297, in a five-count indictment with one count of indecency with a child, "SW16,"[1] by touching her breast with his hand (count one); two counts of indecency with a child, "CB16," by touching her breast and sexual

---

[1] The pseudonyms used in the indictment are used in this Opinion and Order.

organ with his hand and one count of improperly photographing "CB16" without her consent (counts two, three and four); and one count of sexual assault of "MW19" by penetrating her sexual organ with his finger without her consent (count five). (Adm. R., WR-84,380-01 Writ (hereafter referred to as "SH02"), 28-29, ECF No. 13-5.) The indictment also included two enhancement and one habitual counts. (*Id.* at 30-31.) On July 29, 2013, pursuant to a plea agreement, the state moved to dismiss counts three and four and abandoned the enhancement and habitual counts; Petitioner waived a jury trial and entered guilty pleas to counts one, two, and five; and the trial court assessed his punishment at 20 years' confinement for each offense, the sentences to run concurrently. (*Id.* at 35-54.) Petitioner did not directly appeal the trial court's "Judgment of Conviction"; thus, the judgment became final thirty days later, on August 28, 2013. *See* TEX. R. APP. P. 26.2(a)(1).

On March 24, 2015, Petitioner filed a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure in the trial court, which was denied on April 23, 2015. (SH02 at 59, ECF NO. 13-5.) Thereafter, Petitioner filed two state habeas applications challenging his convictions. The first, filed on November 23, 2015,[2] was denied by the Texas Court of Criminal

---

[2] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date Petitioner placed the documents in the prison mailing system but do reflect the dates they were signed by Petitioner. Therefore, for purposes of this Opinion and Order, the state applications are deemed filed on those dates, respectively.

2

Appeals on January 13, 2016, without written order. (*Id.* at 21; "Action Taken," ECF No. 13-4.) The second, filed on February 16, 2016, was dismissed by the Texas Court of Criminal Appeals on April 6, 2016, as successive. (Adm. R., WR-84,380-02 Writ, 21, ECF No. 13-7; "Action Taken," ECF No. 13-6.) Petitioner filed this federal petition for writ of habeas corpus on April 21, 2016.[3]

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) His guilty plea was involuntary (ground one);

(2) He received ineffective assistance of counsel at trial (grounds two and three); and

(3) The prosecution withheld exculpatory evidence (ground four).

(Pet. at 6-7, ECF No. 1.)[4]

## III. STATUE OF LIMITATIONS

Respondent believes the petition is time-barred and has moved for dismissal. (Resp't's Answer at 4-10.) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

---

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4]To the extent Petitioner claims the state courts improperly adjudicated his state habeas applications, the Fifth Circuit has repeatedly held that defects in state habeas proceedings are not cognizable in a federal habeas petition under § 2254. *See Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir.), *cert. denied,* 534 U.S. 1001 (2001). Petitioner's argument to the contrary is not persuasive. (Pet'r's Mem. 9, ECF No. 2.)

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). Thus, in this case, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing a timely notice of appeal on August 28,

2013, and closed one year later on August 28, 2014, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Caldwell v. Dretke,* 429 F.3d 521, 528-30 (5th Cir. 2005).

Petitioner's motion for DNA testing and his state habeas applications filed after limitations had already expired did not operate to toll the limitations period under § 2244(d)(2). *Hutson v. Quarterman,* 508 F.3d 236, 240 (5th Cir. 2010); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal petition filed on April 21, 2016, is untimely unless Petitioner is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

5

Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense. *McQuiggin,* 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986). Petitioner claims that his guilty pleas were involuntary because his trial counsel and the prosecutor, who were aware of the DNA results, conspired to withhold the results from him so that he would accept the plea offer. (Pet. 6, ECF No. 1.) However, there is no evidence whatsoever in the record to support this assertion or to otherwise rebut the presumption of regularity of the state's documentary record of the plea proceedings. Conclusory claims and bald assertions on a critical issue lack probative evidentiary value. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983).

In any event, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." In an apparent attempt to trigger subsections (B) or (D), above, or warrant

6

equitable tolling, Petitioner asserts that his petition is based on exculpatory, newly discovered evidence—DNA test results for two of the victims excluding him as a DNA contributor to DNA material found on the breasts of the victims—that was not investigated by his trial counsel and that was withheld by the prosecution. (Mot. to Supp., Attachs., ECF No. 7; Pet'r's Objection 1, ECF No. 14.) Petitioner acknowledges that his DNA sample was taken before trial in 2012 and that the DNA reports were completed on September 14, 2012, and March 5, 2013, but asserts, without explanation or proof of any kind, that he did not receive the results until June 30, 2015. (Pet'r's Mem. 7, ECF No. 2.) As previously stated, conclusory claims and bald assertions on a critical issue lack probative evidentiary value. *Koch,* 907 F.2d at 530; *Ross,* 694 F.2d at 1011.

Nor are the DNA results sufficient to persuade this Court that no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt. *McQuiggin,* 133 S. Ct at 1928. To the contrary, in denying Petitioner's motion for DNA testing, the trial court found that DNA evidence had been previously subjected to DNA testing and that no exculpatory results were obtained. (Clerk's R. 67, ECF No. 13-5.) Further, as noted by Respondent, the DNA results are not "new evidence," are largely inconclusive, and could have been obtained by Petitioner before his conviction became final; the results pertain to only two, "SW16" and "MW19," of the three victims; the results are arguably exculpatory only as to "SW16" and

7

are irrelevant to the charged offense as to "MW19"; and there is no evidence regarding how much time elapsed between the commission of the offenses and the collection of the samples. (Resp't's Answer 7-9, ECF No. 12 (record citations omitted).) Finally, the Court recognizes that the type of crimes involved in this case are unlikely to produce specimens from the perpetrator capable of facilitating DNA matching or producing any evidence probative or material to guilt or innocence.

In conclusion, Petitioner has failed to trigger subsections (B) or (D) of the statutory provision or demonstrate exceptional circumstances warranting equitable tolling. Accordingly, his federal petition was due on or before August 28, 2014, and thus his petition filed on April 21, 2016, is untimely.

For the reasons discussed here, Respondent's motion is GRANTED, and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred. A certificate of appealability is DENIED.

SIGNED January 11, 2017.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE